UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN A., | Civil Action No. 19-13951 (SDW) |
| Petitioner, | |
| v. | OPINION |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Jean A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 2). Following an order to answer, the Government filed responses to the petition (ECF No. 14, 17), to which Petitioner has replied. (ECF Nos. 15, 18). For the reasons set forth below, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Haiti who entered this country as a refugee in July 1994. (Document 1 attached to ECF No. 14 at 4). Petitioner was thereafter convicted of various crimes including January 2008 convictions for various drug possession and distribution charges and multiple assault convictions in 2014, 2016, and 2017. (*Id.*). Based on these convictions, Petitioner was taken into immigration custody in July 2017 pursuant to 8 U.S.C. § 1226(c) and was placed into removal proceedings. (*Id.*). In December 2017, an immigration judge granted Petitioner protection under the Convention Against Torture. (Document 1 attached to ECF No. 17 at 4). The Government appealed, and the Board of Immigration Appeals ("BIA") vacated that decision and

remanded the matter to the immigration judge. (*Id.*). On remand, the immigration judge once again granted relief under the Convention on December 21, 2018. (*Id.*). The Government appealed once more, and on October 25, 2019, the BIA issued a decision in which it "sustain[ed] the [Government's appeal], vacate[d the immigration judge's] December 21, 2018, decision [granting relief], and order[ed Petitioner] removed to Haiti." *Id.* Petitioner thereafter filed a petition for review of that decision in the Second Circuit Court of Appeals, as well as a motion seeking a stay of removal. (Document 1 attached to ECF No. 18). The Second Circuit has not ruled on that motion at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition, Petitioner contends that his ongoing immigration detention in the absence of a bond hearing violates his right to Due Process. In order to evaluate this claim, this Court must preliminarily determine the statutory basis for Petitioner's detention as that basis controls Petitioner's entitlement to relief. While Petitioner contends that he is still subject to detention under 8 U.S.C. § 1226(c), which applies to aliens with certain types of criminal convictions prior to their reception of a final order of removal, the Government argues that Petitioner is now subject to a final order of removal and is therefore subject to detention under the post-final order detention statute, 8 U.S.C. § 1231(a).

In this matter, although Petitioner was initially granted relief by an immigration judge, the Board of Immigration Appeals "sustain[ed] the [Government's appeal], vacate[d the immigration judge's] December 21, 2018, decision [granting relief], and order[ed Petitioner] removed to Haiti" by way of a decision issued on October 25, 2019.[1] (Document 1 attached to ECF No. 17 at 4). Such an order, when entered by the BIA in the absence of a remand, constitutes an administratively final order of removal. *See* 8 C.F.R. § 1241.1(a) (order of removal becomes final upon final decision on appeal by BIA). Once an alien is subject to an administratively final removal order, his detention is authorized by 8 U.S.C. § 1231(a) unless and until the alien seeks judicial review of his removal order and the court of appeals having jurisdiction over his petition for review grants

---

[1] In its decision, the Board clearly stated that it was ordering Petitioner removed and vacating the granting of any relief, as well as denying a request by Petitioner to reopen his removal proceedings. In issuing its decision, however, the Board inartfully concluded by noting that the "appeal is dismissed" rather than reiterating its earlier clear statement that it was sustaining the Government's appeal and ordering Petitioner removed. (*Id.* at 4, 7). Given the lack of a remand and the clear statements by the Board in that decision, as well as Petitioner's decision to file a petition for review with the Second Circuit which is indicative of his belief that he received a final order of removal, it is clear that, despite the inartful language at the end of its decision, the Board issued an administratively final order of removal by way of that decision.

him a stay of removal. *See, e.g.,* 8 U.S.C. § 1231(a)(1)(B)(ii) (delaying start of § 1231 detention where "the removal order is judicially reviewed and . . . a court orders a stay of the removal of the alien"); *Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012); *Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. March 16, 2015). If the alien seeks, and is granted, a stay by the Court of Appeals, his detention reverts to pre-final order status, and the alien returns to detention pursuant to 8 U.S.C. § 1226. *Leslie*, 678 F.3d at 268-70. "It is the grant of a stay [by the Court of Appeals, however], and not simply the filing of a [request or motion] for a stay, which alters an alien's status." *Brodyak*, 2015 WL 1197535, at *2 (citing *Leslie*, 678 at 268-70).

Here the BIA ordered Petitioner removed by way of its October 25 decision. As that decision is administratively final, Petitioner is subject to § 1231 detention unless and until he both seeks review of the BIA's decision in the Court of Appeals and is granted a stay of removal by the Court of Appeals. Although Petitioner has filed a petition for review and a motion for a stay in the Second Circuit, the Second Circuit has not granted his motion for a stay at this time. (*See* Document 1 attached to ECF No. 18). Despite the fact that he has not received a judicially ordered stay of removal, Petitioner argues that he should be treated as if he is subject to a stay because his subject to the forbearance agreement between the Government and the Second Circuit under which the Government has agreed not to remove aliens whose removal orders are subject to review by the Second Circuit until such time as the Second Circuit has ruled upon those aliens' requests for stay of removal. *See Brodyak*, 2015 WL 1197535 at *2 n. 2. As this Court and other courts in this district have consistently held, the forbearance agreement is not a court ordered stay and is therefore insufficient to revert a Petitioner's detention to pre-final order status. *See, e.g., Id.*; *Telson O. v. Nielsen*, No. 19-3351, 2019 WL 4601525, at *3 (D.N.J. Sept. 23, 2019); *Boyd v.*

4

*Taylor*, No. 17-3284, 2017 WL 4316098, at *2-3 (D.N.J. Sept. 28, 2017); *Jones v. Aviles*, No. 15-4819, 2016 WL 3965196, at *3 (D.N.J. July 21, 2016); *Severin v. Aviles*, No. 15-3711, 2016 WL 1450550, at *2 (D.N.J. Apr. 12, 2016); *Rones v. Aviles*, No. 15-3798, 2016 WL 158521, at *5 (D.N.J. Jan. 13, 2016). This is the case because the statutory language on which the Third Circuit based its decision in *Leslie* is clear that the start of the removal period, and in turn the onset of § 1231 detention will only be delayed if an alien's removal order is judicially reviewed and "a court orders a stay of the removal order." 8 U.S.C. § 1231(a)(1)(B)(ii). That the forbearance agreement has the effect of preventing removal during the pendency of a petition for review is immaterial – as it is not a court order entering a stay, it cannot revert an alien's detention to pre-final order status.[2] *Brodyak*, 2015 WL 1197535, at *2 (citing *Leslie*, 678 at 268-70). Thus, because Petitioner is subject to an administratively final removal order in the form of the BIA's October 25 decision, and because he has not been granted a formal stay of removal by the Court of Appeals, he remains detained pursuant to 8 U.S.C. § 1231(a).

Because Petitioner is subject to detention under § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in

---

[2] Petitioner argues that the forbearance agreement should be considered a court ordered stay because this Court treats temporary stays granted by the Third Circuit under its own standing order to cause detention to revert. *See, e.g., Granados v. Green*, No. 15-8917, 2016 WL 1572540, at *4 (D.N.J. Apr. 19, 2016). Although Petitioner relies on *Granados* to make his argument, he completely ignores the fact that this Court explicitly explained in that case that it is not the standing order itself that reverts a petitioner's detention, but the fact that an order temporarily granting a stay of removal is entered in such appeals by the Third Circuit until a motion for a stay can be decided that can revert detention to pre-final order status. Unlike the Second Circuit's forbearance policy, the Third Circuit actually has its clerk's office review cases subject to its standing order and actually enters an order staying removal temporarily in each case. This makes all the difference as the entering of a temporary stay order by the Court of Appeals meets the statutory criteria, while a blanket agreement which results in no actual stay order does not.

*Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018). As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue. (Emphasis added).
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.] After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018). Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as prematurely filed. *Id.*; *Zadvydas*, 533 U.S. at 701. Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those alien's whose detention under § 1231(a) has become prolonged, the Third Circuit, too, has recognized that such challenges may not be brought until the alien has been held under § 1231(a) for at least six months. *See Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018). *Zadvydas* and *Guerrero-Sanchez* thus make it abundantly clear that an alien detained pursuant to § 1231(a) must be held during the statutory ninety-day removal period and that he may not challenge his detention under § 1231 until the presumptively reasonable six month period flowing from that removal period has expired. Because Petitioner's removal period only began upon the Board's decision ordering him removed which was issued approximately one

month ago, Petitioner is well within the removal period, and his challenge to his current immigration detention is thus premature. Petitioner's petition is therefore denied.[3]

**III. CONCLUSION**

    For the reasons expressed above, this Court denies Petitioner's habeas petition without prejudice. An appropriate order follows.

Dated: November 26, 2019                                          *s/ Susan D. Wigenton*
                                                                                        Hon. Susan D. Wigenton,
                                                                                        United States District Judge

---

[3] Because petitioner is now detained pursuant to § 1231(a), any challenge to his previous detention under § 1226(c) is effectively moot as he is no longer detained under that statute and his detention cannot revert to § 1226(c) unless and until he is granted relief – in the form of a judicially ordered stay of removal at the very least – by the Second Circuit. *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012).